IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL LEE BRISCOE,

    Petitioner,         No. CIV S-10-2473 GGH P

   vs.

SOLANO COUNTY SUPERIOR COURT,[1]

    Respondents.      ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.[2]

      Examination of the in forma pauperis application reveals that petitioner is unable

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). In the instant action, petitioner has improperly named Solano County Superior Court as respondent. Petitioner is cautioned in future to name the proper respondent.

[2] This case, originally filed on August 19, 2010, per the court's docket, was transferred in to this Eastern District from the Northern District on September 14, 2010.

to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

Petitioner has indicated on his form petition used for the Northern District that he has previously filed motions in a federal district court related to the 1993 conviction that he apparently seeks to challenge herein; he also indicates that in these "motions" he raised in federal court, the following grounds to challenge his conviction and 48-year sentence for assault and rape: 1) ineffective assistance of counsel; 2) prosecutorial misconduct; 3) discriminatory (biased) judge; 4) unfair trial.  Petition, pp. 2, 4-5.  He indicates these motions were unresolved.  Id. at 4-5.  He lists among his present claims: 1) violation of his speedy trial rights; 2) prosecutorial misconduct; 3) discriminatory judge.  Id. at 6.  Petitioner indicates that he has not earlier challenged a violation of his speedy trial rights because he recently learned of this violation.  Id. at 6.  In a filing dated September 16, 2010, petitioner seeks to add information to his petition which he avers that he just received from his trial lawyer.

This petition will be dismissed for several reasons although petitioner will be granted leave to amend.  At the outset, petitioner is cautioned that the federal habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).  Moreover, despite the fact that petitioner is seeking to challenge a conviction which occurred some seventeen years ago, it is not at all clear that petitioner has exhausted all of his claims in state court.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be

\\\\\

\\\\\

waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[3]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  In any amended petition, petitioner should make clear whether or not all of the claims have been exhausted by having been presented to the California Supreme Court.   Also, should petitioner file an amended petition, he must incorporate all of his grounds and factual support together within the amended filing.  See Local Rule 220.

In addition, although petitioner has failed to identify preceding federal habeas petitions he indicates he has filed by case number, the instant petition appears to be, based on petitioner's own representation, a successive petition.  As such, it must be authorized by the Ninth Circuit before petitioner may proceed.   See 28 U.S.C. 2244(b)(3); Rule 9, Rules Governing Section 2254 Cases. Under Ninth Circuit Rule 22-3, "[i]f a second or successive petition or motion, or an application for leave to file such an application or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Although petitioner has been granted leave to amend in this court, if this petition is successive, he should first seek authorization to proceed from the Ninth Circuit.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. The petition is dismissed with leave to amend, as set forth above, within twenty-eight days; failure to file an amended petition will result in dismissal of this case; and

\\\\\

\\\\\

---

[3] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

3

3. The Clerk of the Court is directed to provide petitioner with the form for a habeas petition used by state prisoners in this district.

DATED: October 7, 2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
bris2473.ord