IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL LEE BRISCOE,

    Petitioner,                    No. CIV S-10-2473 GGH P

   vs.

GONZALES, Warden,[1]

    Respondent.                ORDER

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, pursuant to the Order, filed on October 7, 2010 (docket # 15). Petitioner has consented to the jurisdiction of the undersigned. See consent form, filed on October 8, 2010 (docket # 16).

        Petitioner is challenging a 1992 conviction for assault, terrorist threats and rape, according to the amended petition, for which he was sentenced to a term of 48 years. Amended Petition (AP), p. 1. Petitioner raises the following grounds: 1) ineffective assistance of counsel; 2) prosecutorial misconduct; 3) judicial bias; 4) insufficient evidence; 5) "hoaxing, farcing and shamings" in his court proceedings; and 6) unlawful arrest (by which he apparently intends to

---

[1] Petitioner has substituted in Warden Gonzales as respondent for the previously improperly named Solano County Superior Court.

1

implicate Miranda[2] violations).  AP, pp. 4-5, 8.[3]

Other than claim 4, however, the insufficient evidence[4] claim, petitioner makes no showing whatever that any ground has been exhausted.  As petitioner has been previously informed, exhausting state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  See Order, filed on October 7, 2010, p. 2.  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[5]  Id., at 2-3.  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  Id. at 3.

Curiously, petitioner makes no reference to the prior federal court challenges he indicated he had raised to his conviction in his original petition, so at this point the court will not conclude that petitioner has brought a successive petition for which he must first seek permission from the Ninth Circuit before proceeding in this court.  See Order, filed on October 7, 2010, p. 3.  However, because petitioner has, despite the passage of some eighteen years, evidently failed to exhaust all but one ground of the instant mixed petition (a petition of exhausted and unexhausted claims), on the face of it, he will have some difficulty in proceeding on all of the grounds that he has set forth.

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the United States

---

[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966)(providing for procedural safeguards to protect the Fifth Amendment privilege against self-incrimination before a custodial interrogation can take place).

[3] Only the court's electronic pagination is referenced.

[4] Petitioner characterizes the ground as "lack of evidence."  AP, pp. 5, 8.

[5] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S.Ct at 1535. Petitioner was previously cautioned by this court that there is a one year statute of limitations for non-capital habeas petitions filed in federal court and that in most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). See Order, filed on October 7, 2010, p. 2. Therefore, petitioner, should he choose to proceed on all of the claims of the amended petition, must seek a stay in this court while attempting to exhaust what appear to be very untimely claims in state court. In order to obtain such a stay, petitioner must, within twenty-eight days, show good cause for what appears to be an extraordinarily inordinate delay; he will further have to show much more than he has to date that there is any merit to his unexhausted claims, and he must demonstrate somehow that he has not been intentionally dilatory in proceeding on his claims.

  Alternatively, petitioner may seek, within twenty-eight days, a stay of an exhausted-claims-only petition pursuant to King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). Petitioner is cautioned, however, that if he uses the Kelly procedure, he "will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King, supra, 564 F.3d at 1140-41. This appears to be a daunting task in this instance.

  Finally, should petitioner wish to forego seeking a stay, he must so inform the court, within twenty-eight days, and all of his claims except claim 4 will be stricken from the amended petition and respondent will be directed to respond to that claim only.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to substitute Warden Gonzales as respondent in the docket of this case in place of Solano County Superior Court.

2. Within twenty-eight days, petitioner shall file briefing, as described above, addressing how he wishes to proceed in this matter.

3. Failure to respond to this order will result in dismissal of this action.

DATED: December 7, 2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
bris2473.ord(2)