IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL LEE BRISCOE,

    Petitioner,               No. CIV S-10-2473 GGH P

  vs.

GONZALES, Warden,[1]

    Respondent.          ORDER
_____/

      Petitioner, a state prisoner proceeding pro se and in forma pauperis upon an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed a response, on December 15, 2010 (docket # 23), to the Order, filed on December 7, 2010 (docket # 22). Petitioner has consented to the jurisdiction of the undersigned. See consent form, filed on October 8, 2010 (docket # 16).

      As previously set forth, petitioner is challenging a 1992 conviction for assault, terrorist threats and rape, according to the amended petition, for which he was sentenced to a term of 48 years. Amended Petition (AP), p. 1. Petitioner raises the following grounds: 1) ineffective assistance of counsel; 2) prosecutorial misconduct; 3) judicial bias; 4) insufficient

---

[1] Petitioner has substituted in Warden Gonzales as respondent for the previously improperly named Solano County Superior Court.

evidence; 5) "hoaxing, farcing and shamings" in his court proceedings; and 6) unlawful arrest (by which he apparently intends to implicate Miranda[2] violations).  AP, pp. 4-5, 8.[3]

In the order at docket # 22, petitioner was directed to inform the court as to how he wished to proceed, the court having noted that, other than claim 4, the insufficient evidence claim, and even after eighteen years, petitioner had made no showing that any other ground had been exhausted.  Petitioner was informed that if he chose to seek a stay of his mixed petition, pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), that he would have to show good cause for his failure to have first exhausted the claims in state court, that his unexhausted claims potentially have merit and that he had not been intentionally dilatory in pursuing the litigation despite what appears to be an extraordinarily inordinate delay; he was cautioned, inter alia, that he would have to show much more than he had thus far that there is any merit to his unexhausted claims.

Petitioner was presented with the alternative procedure of a stay of an exhausted-claims-only petition pursuant to King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)).  He was cautioned, however, that if he used the Kelly procedure, he would only be able to amend unexhausted claims into a further amended federal petition upon state court exhaustion if those claims were determined to be timely, King, supra, 564 F.3d at 1140-41, a very challenging task on the face of it in this instance.

Petitioner's third alternative was to forego seeking a stay, at which point all of his claims except claim 4 would be stricken from the amended petition and the case proceed as to that claim.

Petitioner's abbreviated response was not adequate or even particularly lucid.

---

[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966)(providing for procedural safeguards to protect the Fifth Amendment privilege against self-incrimination before a custodial interrogation can take place).

[3] Only the court's electronic pagination is referenced.

1  Petitioner states that he filed a petition, apparently in the state court of appeals, in 1994, after his
2  appeal was denied. Docket # 23. According to plaintiff, "it was due up" on May 10, 2010. He
3  states that he gave the court time to respond to an unexplained judgment but apparently no
4  response was forthcoming, at which point he filed the instant petition. Id. Petitioner states that
5  letters he sent to a judge did not receive a response. Id. Petitioner also complains that his
6  appellate lawyer would not include issues he wanted to appeal. Id. Petitioner references a
7  "partly reversal [sic]" of his conviction and claims to have "surpassed other court levels," by
8  which he appears to mean, bypassed state court exhaustion of his unexhausted claims. Id. He
9  claims to have been subject to bias and discrimination and brings up a judge's (presumably the
10 trial judge's) failure to respond to his Marsden[4] motion against the public defender. Id.

11         While he indicates that he seeks a stay of this case, he does not identify which
12 procedure he wishes to invoke. Petitioner falls far short of making a case that his claims are
13 potentially meritorious and that his extended delay has any coherent basis. Therefore, construing
14 the request as one sought pursuant to the Kelly procedure, rather than in accordance with Rhines,
15 it would appear to be virtually futile to stay the one apparently exhausted claim so that petitioner
16 may seek to exhaust his extremely belated claims in state court, given the difficulties he
17 apparently encounters in communicating with state courts. Nevertheless, the court will strike the
18 unexhausted claims from his amended petition and stay this petition on the basis that claim 4 has
19 been exhausted, pursuant to Kelly, supra. Notwithstanding the stay, petitioner will be required,
20 within twenty-eight days, to show proof to this court that he has filed an exhaustion petition in
21 state court.

22         Accordingly, IT IS HEREBY ORDERED that:
23         1. The Clerk is to note in docket # 19, that claims 1, 2, 3, 5 and 6 are stricken
24 from the first amended petition;

---

[4] People v. Marsden, 2 Cal. 3d 118, 84 Cal. Rptr. 156, 465 P.2d 44 (1970).

2. Pursuant to the <u>Kelly</u> procedure, a stay is imposed in this matter as to the remaining exhausted claim 4, while petitioner expeditiously seeks state court exhaustion of the unexhausted claims;

3. Notwithstanding the stay, petitioner must, within twenty-eight days, show proof to this court that he has commenced the state court exhaustion process; failure to do so timely will result in the stay being lifted forthwith and the case proceeding only as to claim 4.

DATED: February 24, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
bris2473.ord3