IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL LEE BRISCOE,

    Petitioner,                      No. 2:10-cv-2473 GGH P

    vs.

GONZALES, Warden,                    <u>ORDER</u>

    Respondent.

_____/

        In this habeas matter, the parties have consented to the jurisdiction of the undersigned. <u>See</u> docket # 16, # 32 & # 33. On May 9, 2012, respondent filed a motion to dismiss the petition as barred by 28 U.S.C. § 2244(d), the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner has not opposed the motion.[1]

        Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." In this instance, the court deems petitioner's wholesale failure

---

[1] Although petitioner did, subsequent to the pending motion, file a document addressed in letter form to the undersigned, it speaks only to alleged facts that he apparently believes go to the merits of his claims. <u>See</u> Notice, filed on May 21, 2012. No reference whatever is made to the question of the timeliness, or lack thereof, of the instant petition.

1

to oppose the motion as a waiver of opposition.  In the alternative, the court has reviewed the motion and found that it has merit.

The statute of limitations for federal habeas corpus petitions, which became effective on April 24, 1996, is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On February 18 or 19, 1993,[2] petitioner was sentenced to a term of 48 years in state prison, having been found guilty by a jury, on December 18, 1992, of multiple counts of forcible penetration by a foreign object, three counts of forcible rape, as well as for one count each of assault, assault with a deadly weapon, false imprisonment and making terrorists threats. First Amended Petition (FAP), p. 1; Motion to Dismiss (MTD), p. 2, & respondent's Exhibit 1 (docket # 34-1), pp. 7-8, unpublished decision by California's First District Court of Appeal. Petitioner filed an appeal on March 9, 1993, and the state appellate court affirmed the conviction,

---

[2] Respondent identifies the sentencing date as Feb. 18, 1993, while the state appellate court states that he was sentenced on Feb. 19, 1993; it would appear that the appellate court may have been off by one day as otherwise,the petition for writ of habeas corpus petition evidently filed in the state appellate court, on Feb. 18, 1993, which was denied on Feb. 24, 1993, would have been filed one day preceding the imposition of sentence.   MTD, p. 2, & see Respondent's Exhibits 1 & 2.

1 on February 23, 1994, as to all counts but two counts of rape for insufficiency of evidence; the
2 case was remanded for re-sentencing.³ MTD, p. 2 & Respondent's Exs. 1, 3. The state Supreme
3 Court denied review on June 1, 1994, and the state court of appeal affirmed petitioner's re-
4 sentencing on July 13, 1995, after which petitioner did not seek review. Id., & Respondent's
5 Exs. 4 & 5.

6       Thus, petitioner's conviction became final prior to the AEDPA's effective date on
7 April 24, 1996, which, as respondent observes, signifies that petitioner had, absent applicable
8 tolling, until April 24, 1997, to file the instant petition. MTD, p. 2, citing Patterson v. Stewart,
9 251 F. 3d 1243, 1245-46 (9th Cir. 2001) (one-year grace period to file federal habeas petitions
10 for state prisoners whose convictions became final before AEDPA's enactment). There could
11 have been no tolling as there is no evidence any petition was pending at the time of the
12 commencement of the effective date of the AEDPA.

13       To the extent petitioner intended to make a claim of "actual innocence" in his only
14 remaining ground for relief, the fourth ground, insufficient evidence (entitled "lack of
15 evidence"),⁴ in his amended petition, he fails to make the showing required to invoke the "actual
16 innocence" exception. While "a credible claim of actual innocence constitutes an equitable
17 exception to AEDPA's limitations period," passing through the gateway of Schlup v. Delo, 513
18 U.S. 298, 327, 115 S.Ct. 851 [] (1995), in order to do so "petitioner must show that it is more
19 likely than not that no reasonable juror would have convicted him in the light of the new
20 evidence." Lee v. Lampert, 653 F.3d 929, 932, 938 (9th Cir. 2011) (en banc). Petitioner's
21 inadequately supported assertion of being "in and out [of] town" during the relevant period does
22 not constitute new evidence in support of his claim. Amended Petition, p. 5. Thus, the original

---

³ Petitioner appears to be confused when he asserts in his amended petition, that he filed an appeal of the 1994 state appellate court decision to the U. S. Supreme Court, which was denied that same year. FAP, p. 2.

⁴ See Order, filed on March 14, 2012 (docket # 29).

petition in this matter filed, by liberal application of the mailbox rule,[5] on July 20, 2010, is untimely by more than thirteen (13) years.

Accordingly, IT IS ORDERED that:

1. Respondent's unopposed motion to dismiss the petition as untimely under the AEDPA, filed on May 9, 2012 (docket # 34), is granted and this case is dismissed with prejudice; and

2. A certificate of appealability should not issue in this action.[6]

DATED: September 24, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
bris2473.ord

---

[5] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

[6] A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth herein, petitioner has not made a substantial showing of the denial of a constitutional right.